FILED

2023 May-12  AM 10:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.** |
| **BRET CHAPPELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## INFORMATION

The United States Attorney charges that:

1.      At all times relevant to this Information, Defendant Bret Chappell was an individual residing in Blount County, Alabama.

2.      At all times relevant to this Information, Defendant Chappell was a licensed insurance agent employed by Alfa Mutual Insurance Company (hereinafter, "Alfa"). Defendant Chappell worked at the Alfa service center, or branch office, located at 3970 AL-160, Hayden, Alabama 35079, within the Northern District of Alabama.

3.      At all times relevant to this Information, Alfa was headquartered in Montgomery, Alabama.

4.      At all times relevant to this Information, victim S.T. was an individual residing in Warrior, Alabama.

5.      Defendant Chappell's job responsibilities at Alfa included the sale of life insurance policies to covered individuals, like S.T.

6.      Defendant Chappell further developed relationships with customers and provided advice regarding appropriate life insurance policies, to be underwritten by Alfa, that suited customers' needs.

## COUNT ONE
### Mail Fraud
### [18 U.S.C. § 1341]

7.      The United States Attorney adopts and incorporates Paragraphs One through Six of the Information as if specifically stated herein.

### THE SCHEME AND ARTIFICE

8.      Beginning in at least 2018, and continuing until March 2023, in the Northern District of Alabama, and elsewhere, Defendant Chappell devised a scheme and artifice to defraud victims by manufacturing counterfeit Alfa Life Insurance policies and other financial products outside of Alfa's policy administration system.

9.      Defendant Chappell convinced victims, including S.T., to cash surrender existing legitimate policies with Alfa and to use those funds to pay premiums associated with a new policy that Defendant Chappell claimed would cover the victim, but was, in reality, a ruse by Chappell to carry out his scheme.

10.     In furtherance of the scheme, Defendant Chappell notified Alfa's home office in Montgomery, Alabama, that victims desired to cash surrender their existing

policies and requested that a check made payable to the insured be sent to either the insured's home address or Defendant Chappell's service center office in Hayden, Alabama.

11.    Once Defendant Chappell received the checks in the mail, Defendant Chappell, without the knowledge or permission of Alfa, deposited these checks into his personal bank account at Traditions Bank, rather than using the funds to satisfy premiums associated with new life insurance policies that Defendant Chappell promised victims he would secure on their behalf.

12.    In furtherance of the scheme, and unbeknownst to Alfa, Defendant Chappell fabricated documents that purported to be Alfa Life Insurance Policies covering the victims, when, in truth and fact, the documents were manufactured by Defendant Chappell rather than underwritten by Alfa. Defendant Chappell delivered these counterfeit "policies" to the victims, so they believed that coverage from Alfa had been secured.

## THE USE OF THE MAIL

13.    On or about August 21, 2019, in the Northern District of Alabama, Southern Division, and elsewhere, for the purpose of executing the above-described scheme and artifice to defraud and deprive, Defendant,

**BRET CHAPPELL**,

3

did knowingly cause an Alfa Life Insurance Corporation cash value proceeds check to be deposited for delivery by the United States Postal Service, to wit: an Alfa Life Insurance Corporation check endorsed to S.T. dated August 21, 2019, in the amount of $201,957.06, to be sent by the United States Postal Service and ultimately delivered to Defendant's service office location at 3970 AL-160, Hayden, Alabama 35079.

All in violation of Title 18, United States Code, Section 1341.

## FIRST NOTICE OF FORFEITURE

**[Forfeiture – 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A) and 28 U.S.C. § 2461(c)]**

1. The allegations of Count One of the Information are re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A) and Title 28, United States Code, Section 2461(c).

2. Pursuant to Rule 32.2(a) of the *Federal Rules of Criminal Procedure* and Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), upon conviction of the offense alleged in the Information, Defendant,

**BRET CHAPPELL**,

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(c), 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), any

property, real or personal, that constitutes or is derived from, directly or indirectly, proceeds traceable to the commission of said violation, including, but not limited to, the following:

## JUDGMENT FOR PROCEEDS

A sum of money equal to at least $1,545.310.13 in United States currency, representing the value of the automobiles that were purchased in connection with the offense alleged.

3.     If any of the above-described forfeitable property, as a result of any act or omission of Defendant:

a.     cannot be located upon the exercise of due diligence;
b.     has been transferred or sold to, or deposited with, a third party;
c.     has been placed beyond the jurisdiction of the Court;
d.     has been substantially diminished in value; or
e.     has been commingled with other property that cannot be divided without difficulty;

The United States shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All in accordance with Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461, and Rule 32.2 of the *Federal Rules of Criminal Procedure*.

PRIM F. ESCALONA
United States Attorney

CATHERINE CROSBY
Assistant United States Attorney